UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAZAWI and DANIELA RAZAWI, | No. 2:09-cv-00985-MCE-JFM |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS, F.A., CENTRAL MORTGAGE COMPANY, MTC FINANCIAL, INC. dba TRUSTEE CORPS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., COMMUNITY ONE FINANCIAL & REAL ESTATE, JAMAL AKBAR, ALEX BURHAN AND CHRIS COLON and DOES 1-20 INCLUSIVE, | |
| Defendants. | |

----oo0oo----

Through the present lawsuit, Plaintiffs Ahmad and Daniela Razawi ("Plaintiffs") seek redress for a litany of alleged statutory and common law violations arising from the refinancing of their home mortgage and the subsequent non-judicial foreclosure and trustee's sale of the mortgaged property.

1

Named Defendants in this matter include: Federal Deposit Insurance Corporation as receiver for Downey Savings, F.A.; Central Mortgage Company ("CMC"); MTC Financial, Inc., doing business as Trustee Corps; Mortgage Electronic Registration Systems, Inc. ("MERS"); Community One Financial & Real Estate; and individual Defendants Jamal Akbar, Alex Burhan and Chris Colon.  Defendant MTC Financial, Inc., dba Trustee Corps ("Trustee Corps") now moves to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim, and to strike Plaintiffs' punitive damages claims pursuant to Rule 12(f).  As set forth below, Defendant Trustee Corps' Rule 12(b)(6) motion is granted, and its Rule 12(f) motion is denied as moot.

**BACKGROUND**

On December 9, 2005, Plaintiffs secured a $520,000 loan by executing a Deed of Trust ("Deed") encumbering their home, located at 4045 Clover Valley Road, Rocklin, CA 95677 ("Subject Property").  The Deed identifies Downey Savings and Loan Association, F.A., as the Lender, and DSL Service Company as the Trustee.[1]

///

---

[1] "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to one for summary judgment.  See Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F. 3d 1119 (9th Cir. 2002).  To the extent relied upon in this Order, Defendant's Request for Judicial Notice is granted.  Defendant's remaining requests are denied as moot.

2

1  According to Plaintiffs' First Amended Complaint ("FAC"), sometime in 2005 several employees from Defendant Community One Financial and Real Estate Services ("Community One"), including Defendants Burhan and Colon, approached Plaintiff Daniela Razawi, whose office is in the same building as Community One.  These employees solicited her and her husband, co-Plaintiff Ahmad Razawi, to refinance their home.  Defendants Burhan and Colon assured Plaintiffs that they could secure for them the "best deal" and "best interest rates" available on the market.  Plaintiffs expressed interest in this offer and explained that they hoped to obtain cash from the refinancing to buy a new home.  They planned to convert their existing home in Rocklin into a rental property, but intended to retain it to become their eventual retirement home.

Defendants Burhan and Colon advised Plaintiffs that an Option ARM loan with Downey Savings would best fit their needs.  Defendants Burhan, Colon and Akbar allegedly assured Plaintiffs that although the Option ARM was an adjustable-rate loan, their payments would never exceed $1,924.81 per month.  These individual Defendants also allegedly promised Plaintiffs that if the loan ever became unaffordable, they could simply refinance it again into an affordable loan.  By September 2008, however, Plaintiffs' monthly mortgage payments had risen to more than $3,600 per month, which Plaintiffs were unable to afford.

///
///
///
///

3

Plaintiffs further allege that Defendant Burhan told them he would have Defendant Community One's appraiser "push" the appraised value of Plaintiffs' property to ensure approval of the loan. When Plaintiffs protested and questioned the propriety of this practice, Defendant Burhan purportedly told them not to worry about it. In addition, Plaintiffs allege that Defendants Burhan and Colon falsely promised that Downey Savings, not Plaintiffs, would pay the broker fee.

According to Plaintiffs, they never received a copy of the required loan documents prior to closing. Instead, a mobile notary brought the documents and gave them only a few minutes to sign and initial them. Plaintiffs never had the opportunity to review the documents, nor did the notary explain to them what they were signing. In addition, Plaintiffs were never furnished with a notice of cancellation or disclosure of the amount financed or the finance charge, as required by the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Plaintiffs signed the promissory note and Deed on December 9, 2005. The Deed was recorded at the Placer County Recorder's Office on December 15, 2005.

On November 15, 2006, Downey Savings & Loan Association, F.A., assigned the Deed and promissory note to MERS, as nominee for CMC, the assignee. This Corporate Assignment of Deed of Trust instrument was recorded on November 27, 2006.

On April 30, 2008, MERS assigned the Deed to CMC. This Assignment of Deed of Trust document was not recorded until April 13, 2009.

///

4

1  On October 1, 2008, CMC substituted Trustee Corps as trustee under the Deed. The Substitution of Trustee document, however, was not recorded until January 29, 2009.

On October 2, 2008, a Notice of Default and Election to Sell under Deed of Trust was executed by Trustee Corps, on behalf of CMC. The notice was recorded that same day. According to the notice, as of October 2, 2008, Plaintiffs were in default in the amount of $27,835.56.

On January 5, 2009, CMC assigned the Deed to Deutsche Bank National Trust Company as Trustee for Downey 2006-AR1 ("Deutsche Bank"). The Assignment of Deed of Trust document was recorded on April 13, 2009.

On January 29, 2009, Trustee Corps executed a Notice of Trustee's Sale, which was recorded the same day.

On March 18, 2009, Trustee Corps sold the Subject Property to Deutsche for $450,540. The Trustee's Deed Upon Sale instrument was recorded on April 13, 2009.

On April 14, 2009, Plaintiffs mailed a Qualified Written Request ("QWR"), pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq., to Defendant CMC. The QWR purported to rescind the loan under TILA and demanded a cancellation of the trustee sale. Plaintiffs filed their original complaint with this Court on April 10, 2009 and their FAC on June 2, 2009.

///
///
///
///

5

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 555-556 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Plaintiffs' FAC is anything but a model of clarity. From what this Court can glean from a holistic reading of Plaintiffs' FAC, it appears that Plaintiffs' claims against Trustee Corps rest on two general factual theories, pled in the alternative. First, Plaintiffs seem to allege that all of the financial companies in its FAC, including Trustee Corps, were active participants in what should be deemed an unlawful secondary market that involved the sale and purchase of mortgage-backed debt. Under this theory, Trustee Corps would be liable for any fraudulent promises made to borrowers because it profited from real-estate loans like the ARM loan that Plaintiffs entered into in 2005. Moreover, Trustee Corps would be liable for foreclosing Plaintiffs' loan and selling its property pursuant to what it knew to be an unlawful deed of trust.

///

Second, Plaintiffs appear to assert, in the alternative, that Trustee Corps is a third-party stranger to their mortgage agreement that illicitly foreclosed against and sold a property to which it had no legal right. Under this theory, Trustee Corps breached the duties imposed by law on trustees, either intentionally or negligently, by assuming the role of trustee after being improperly substituted. Plaintiffs seem to base this theory predominately on the fact that the current loan servicer and trustee have not produced the original promissory note. Except where Plaintiffs' FAC indicates otherwise, this Court will assume that Plaintiffs rely on one of the two foregoing theories in assessing the viability of each of Plaintiffs' causes of action.

Moreover, as a preliminary observation, this Court notes that Plaintiffs have pled neither of these factual theories with sufficient specificity to survive a Rule 12(b)(6) motion to dismiss. Plaintiffs have not made any factual allegations that would give rise to a reasonable inference that Trustee Corps either participated in a conspiracy to defraud mortgagors or unlawfully assumed the duties of a trustee. Accordingly, Plaintiffs have not met their "obligation to provide the 'grounds' of [their] 'entitlement to relief'" by pleading "more than labels and conclusions." Twombly, 550 U.S. at 555. Furthermore, these speculative and conclusory allegations are not entitled to the presumption of veracity. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

8

Nevertheless, because Plaintiffs' claims against Trustee Corps are legally deficient on additional grounds, this Court will now address each cause of action in turn.

### 1. Second Cause of Action: California Civil Code § 1788 et seq. (Rosenthal Act)

The California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") prohibits a host of unfair and oppressive methods of collecting debt. "Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). However, for trustees engaged in the process of non-judicial foreclosure, California Civil Code section 2924(b) provides immunity from liability under the Rosenthal Act. That section provides, "[i]n performing acts required by this article, a trustee shall not be subject to [Civil Code] Title 1.6c (commencing with Section 1788) of Part 4." Thus, as a trustee acting pursuant to a deed of trust, Trustee Corps is entitled to the protection of Civil Code § 2924(b).

Plaintiffs' only response to this absolute statutory exemption is to assert that Trustee Corps was improperly substituted as the trustee. This argument cites paragraph 43 of the FAC for support, which states "Defendants were not in possession of the note ... and therefore they were proceeding to foreclose without rights under the law."

///
///

Contrary to Plaintiffs' contention, however, a trustee does not need to have possession of the original note in order to conduct a valid foreclosure sale pursuant to Civil Code sections 2924 through 2924k. Several district courts in California have recently rejected this argument. See, e.g., Gamboa v. Trustee Corps, 2009 WL 656285 at *4 (N.D. Cal.); cf. Hernandez v. Reconstruct Co., 2009 WL 250005 at *2 (S.D. Cal.)("To the extent that Plaintiff contends that [the lender] must possess the *original* note to initiate foreclosure proceedings, Plaintiff has not cited legal authority supporting such a dubious proposition").

In addition, Plaintiffs have not pled any facts that would even suggest that the substitution of Trustee Corps was invalid. To the contrary, Trustee Corps has produced a notarized instrument by which CMC substituted Trustee Corps as trustee on October 1, 2008. The document was subsequently recorded on January 29, 2009. Since Plaintiffs have failed to allege a single fact that would contradict this evidence, they have failed to meet their pleading burden under Rule 8(a)(2) of "showing" that they are entitled to relief. See Twombly, 550 U.S. at 557 (recognizing "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief'"). With respect to the non-judicial foreclosure sale of the Subject Property, California Civil Code section 2924(b) exempts Trustee Corps from the strictures of the Rosenthal Act. Accordingly, Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action is granted with leave to amend.

### 2.   Third Cause of Action: Negligence

It appears from Plaintiffs' FAC that the only negligence allegations asserted against Trustee Corps are that "Defendants failed to maintain the original mortgage note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiffs."  FAC, 13:24-26.  Plaintiffs cite no authority, however, to substantiate the existence of any legal duty that Trustee Corps would have breached if it is in fact responsible for these alleged failures.  Moreover, any duties imposed on a trustee must derive from statute or the deed of trust.  Indeed, "there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes.  There are, moreover, persuasive policy reasons which militate against a judicial expansion of those duties."  I.E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d 281, 288 (1985).  Because Plaintiffs have not identified a single provision in the statutes or deed of trust that creates a duty that Trustee Corps has allegedly violated, they have failed to meet their pleading burden.  Consequently, Trustee Corps' Motion to Dismiss Plaintiffs' Third Cause of Action is granted with leave to amend.

///
///
///
///
///

3.    **Sixth Cause of Action: Fraud**

In California, the required elements for a fraud claim are: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008)(citation omitted).  As previously noted, "[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).

To attempt to explain how they have satisfied Rule 9(b)'s pleading standard, Plaintiffs proffer the following argument. They contend that they "have alleged that in 'selling' these mortgage notes on the secondary market, Defendants, including Defendant MTC, failed to follow the basic legal requirements for the transfer of a negotiable instrument and the transfer of an interest in real property." Pls.' Opp. at 19:18-21.  By virtue of these purportedly illegal sales, Plaintiffs contend, "Defendant MTC is attempting to obtained [*sic*] putative legal title to Plaintiffs' Property without ever establishing that it was ever a 'person entitled to enforce' the security interest under the Note and Deed of Trust." Id. at 19:25-20:1(citing FAC, ¶¶ 30-32).
///
///
///
///

12

These allegations are insufficient to state a claim for fraud for at least two reasons. First, it is utterly incomprehensible how allegedly unlawful transfers of mortgage-backed debt could constitute a "misrepresentation," which is the essence of a claim for fraud. Second, Plaintiffs' grossly conclusory allegations fall well short of the applicable pleading standard. Plaintiffs' naked assertions in its opposition, even if properly alleged in the FAC, would run afoul of the prohibition under Rule 8(a)(2) against pleading mere "labels and conclusions." Twombly, 550 U.S. at 555. *A fortiori*, the above sweeping, unsubstantiated allegations fail to satisfy Rule 9(b)'s heightened "particularity" standard, and Trustee Corps' Motion to Dismiss Plaintiffs' Sixth Cause of Action is granted with leave to amend.

**4.  Seventh Cause of Action: California Business and Professions Code § 17200 et seq.**

California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200, defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs allege two separate liability theories against Trustee Corps, both of which are unavailing.

First, Plaintiffs point to the broad scope of the UCL: "California's UCL ... allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'"

///

13

Hauk v. JP Morgan Chase Bank USA, 552 F. 3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). On the basis of this authority, Plaintiffs assert that they have stated a claim under the UCL "because Plaintiffs' FAC currently alleges viable claims for breach of contract and breach of the implied covenant of good faith and fair dealing and fraud." Pls.' Opp. at 21:15-17.  This argument must fail, however, with respect to Defendant Trustee Corps, because it is premised on the viability of additional causes of action that Plaintiffs have failed adequately to allege.

As already discussed, Plaintiffs have failed to state a claim for fraud against Trustee Corps because they have not satisfied the particularity requirement of Rule 9(b).  Nor can Plaintiffs premise UCL liability on a breach of contract or breach of the covenant of good faith and fair dealing theory. Plaintiffs have not asserted a breach of contract action against Trustee Corps in their FAC.  Lastly, as set forth below, Plaintiffs cannot state a claim against Trustee Corps for breach of the covenant of good faith and fair dealing, because they have failed to allege that they have a contractual relationship with Trustee Corps, which is an essential prerequisite to such a claim.

In addition, Plaintiffs contend that they have stated a viable UCL claim against Trustee Corps because "Defendant MTC is in the business of foreclosing against homeowners it alleges are in default" and "foreclosed against Plaintiffs' Property without right to do so."  Pls.' Opp. at 21:19-21.

///

14

As the Court has already observed, however, "Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Moeller, 25 Cal. App. 4th at 830.  Because Plaintiffs have not alleged any violations of Civil Code sections 2924 through 2924k against Trustee Corps, Trustee Corps is immune from UCL liability for any of its actions relating to its non-judicial foreclosure sale of the Subject Property.

Consequently, for the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Seventh Cause of Action is granted with leave to amend.

**5.   Ninth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  Because Plaintiffs have not properly alleged a contractual relationship with Trustee Corps, Defendant's Motion to Dismiss Plaintiffs' Ninth Cause of Action is dismissed.

///
///
///
///
///

### 6. Tenth and Twelfth Causes of Action: Wrongful Foreclosure; Set Aside Trustee's Sale

Under their Tenth and Twelfth Causes of Action, Plaintiffs level another challenge against the validity of Trustee Corps' foreclosure sale of the Subject Property. Specifically, Plaintiffs contend that Trustee Corps is not a "true foreclosure trustee" but a "third party stranger to Plaintiffs' Mortgage Note and Deed of Trust." Pls.' Opp. 23:10-11. To substantiate this contention, Plaintiffs call attention to the fact that Trustee Corps filed the Notice of Default with the Placer County Recorder on October 2, 2009, but did not have the Substitution of Trustee instrument recorded until January 29, 2009.

At the outset, this Court rejects Plaintiffs' challenge to the validity of the foreclosure sale insofar as it depends on the erroneous understanding that a trustee must be in possession of the original promissory note in order to conduct a valid sale. The Court has already disposed of this argument and will not revisit it here.

Plaintiffs' instant claims are further defective because, by their own admission, they have not alleged that they are able to tender their owing obligation under the note. See Pls.' Opp. 24:9-14. It is well-settled that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971).

Accordingly, Trustee Corps' Motion to Dismiss Plaintiffs' Tenth and Twelfth Causes of Action is granted with leave to amend.

16

### 7.   **Eleventh Cause of Action: Quiet Title**

Plaintiffs have failed to state a quiet title claim against Trustee Corps because, as Trustee Corps has correctly stated, it has never claimed an interest in the subject property. Under California law, "judgment in [a quiet title] action is binding and conclusive on all ... persons ... who have any claim to the property." Cal. Code Civ. Pro. § 764.030. Because Plaintiffs cannot state a quiet title claim against Trustee Corps as a matter of law, Defendant's Motion to Dismiss Plaintiffs' Eleventh Cause of Action is granted with leave to amend.

### 8.   **Thirteenth Cause of Action: Cancellation of Trustee's Deed**

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. In their final claim for relief, Plaintiffs seek cancellation of the Trustee's Deed Upon Sale ("TDUS") on the ground that the instrument "is invalid, void and of no force or effect regarding Plaintiff's [*sic*] interests in the Property." FAC, 23:10-11. This claim must fail for at least two reasons.

First, Plaintiffs do not dispute Defendant's contention that in order to bring an action for the cancellation of a written instrument, a plaintiff must offer to restore all benefits received from the transaction, less damages suffered.

17

1  See Ebbert v. Mercantile Trust Co. of Cal., 213 Cal. 496, 501
2  (1931). Plaintiffs have not met this requirement. Second,
3  Plaintiffs reassert their above-rejected argument that the sale
4  is legally void because Trustee Corps has not produced the
5  original promissory note. Accordingly, Defendant's Motion to
6  Dismiss Plaintiffs' Thirteenth Cause of Action is granted with
7  leave to amend.

**CONCLUSION**

For the foregoing reasons, Trustee Corps' Motion to Dismiss (Docket No. 17) is GRANTED with leave to amend. Trustee Corps' Motion to Strike Plaintiffs' punitive damages claims (included in Docket No. 17) is DENIED as moot.[2] Plaintiffs may (but is not required to) file an amended complaint, not later than twenty (20) days following the date this Memorandum and Order is filed electronically. Nevertheless, if no amended complaint is filed within said twenty (20)-day period, without further notice, those causes of action dismissed by virtue of this Order will be deemed to have been dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 8, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).