UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAZAWI and DANIELA RAZAWI, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS, F.A., CENTRAL MORTGAGE COMPANY, MTC FINANCIAL, INC. dba TRUSTEE CORPS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., COMMUNITY ONE FINANCIAL & REAL ESTATE, JAMAL AKBAR, ALEX BURHAN AND CHRIS COLON and DOES 1-20 INCLUSIVE, <br><br> Defendant. | No. 2:09-cv-00985-MCE-JFM <br><br><br> MEMORANDUM AND ORDER |

----oo0oo----

Through the present lawsuit, Plaintiffs Ahmad and Daniela Razawi ("Plaintiffs") seek redress for a litany of alleged statutory and common law violations arising from the refinancing of their home mortgage and the subsequent non-judicial foreclosure and trustee's sale of the mortgaged property.

1

Named Defendants in this matter include: Federal Deposit Insurance Corporation as receiver for Downey Savings, F.A.; Central Mortgage Company ("CMC"); MTC Financial, Inc., doing business as Trustee Corps; Mortgage Electronic Registration Systems, Inc. ("MERS"); Community One Financial & Real Estate; and individual Defendants Jamal Akbar, Alex Burhan and Chris Colon. Defendant CMC now moves to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim. As set forth below, Defendant's Motion is granted.[1]

## BACKGROUND

On December 9, 2005, Plaintiffs secured a $520,000 loan by executing a Deed of Trust ("Deed") encumbering their home, located at 4045 Clover Valley Road, Rocklin, CA 95677 ("Subject Property"). The Deed identifies Downey Savings and Loan Association, F.A., as the Lender, and DSL Service Company as the Trustee.[2]

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to one for summary judgment. See Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F. 3d 1119 (9th Cir. 2002). To the extent relied upon in this Order, Defendant's Request for Judicial Notice is granted. Defendant's remaining requests are denied as moot.

2

1  According to Plaintiffs' First Amended Complaint ("FAC"), sometime in 2005 several employees from Defendant Community One Financial and Real Estate Services ("Community One"), including Defendants Burhan and Colon, approached Plaintiff Daniela Razawi, whose office is in the same building as Community One.  These employees solicited Plaintiff and her husband and co-Plaintiff, Ahmad Razawi, to refinance their home.  Defendants Burhan and Colon assured Plaintiffs that they could secure for them the "best deal" and "best interest rates" available on the market. Plaintiffs expressed interest in this offer and explained that they hoped to obtain cash from the refinancing to buy a new home. They planned to convert their existing home in Rocklin into a rental property, but intended to retain it to become their eventual retirement home.

Defendants Burhan and Colon advised Plaintiffs that an Option ARM loan with Downey Savings would best fit their needs. Defendants Burhan, Colon and Akbar allegedly assured Plaintiffs that although the Option ARM was an adjustable-rate loan, their payments would never exceed $1,924.81 per month.  These individual Defendants also allegedly promised Plaintiffs that if the loan ever became unaffordable, they could simply refinance it again into an affordable loan.  By September 2008, however, Plaintiffs' monthly mortgage payments had risen to more than $3,600 per month, which Plaintiffs were unable to afford.

///
///
///
///

Plaintiffs further allege that Defendant Burhan told them he would have Defendant Community One's appraiser "push" the appraised value of Plaintiffs' property to ensure approval of the loan. When Plaintiffs protested and questioned the propriety of this practice, Defendant Burhan purportedly told them not to worry about it. In addition, Plaintiffs allege that Defendants Burhan and Colon falsely promised that Downey Savings, not Plaintiffs, would pay the broker fee.

According to Plaintiffs, they never received a copy of the required loan documents prior to closing. Instead, a mobile notary brought the documents and gave them only a few minutes to sign and initial them. Plaintiffs never had the opportunity to review the documents, nor did the notary explain to them what they were signing. In addition, Plaintiffs were never furnished with a notice of cancellation or disclosure of the amount financed or the finance charge, as required by the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Plaintiffs signed the promissory note and Deed on December 9, 2005. The Deed was recorded at the Placer County Recorder's Office on December 15, 2005.

On November 15, 2006, Downey Savings & Loan Association, F.A., assigned the Deed and promissory note to MERS, as nominee for CMC, the assignee. This Corporate Assignment of Deed of Trust instrument was recorded on November 27, 2006.

On April 30, 2008, MERS assigned the Deed to CMC. This Assignment of Deed of Trust document was not recorded until April 13, 2009.

///

4

1  On October 1, 2008, CMC substituted Trustee Corps as trustee under the Deed. The Substitution of Trustee document, however, was not recorded until January 29, 2009.

 On October 2, 2008, a Notice of Default and Election to Sell under Deed of Trust was executed by Trustee Corps, on behalf of CMC. The notice was recorded that same day. According to the notice, as of October 2, 2008, Plaintiffs were in default in the amount of $27,835.56.

 On January 5, 2009, CMC assigned the Deed to Deutsche Bank National Trust Company as Trustee for Downey 2006-AR1 ("Deutsche Bank"). The Assignment of Deed of Trust document was recorded on April 13, 2009.

 On January 29, 2009, Trustee Corps executed a Notice of Trustee's Sale, which was recorded the same day.

 On March 18, 2009, Trustee Corps sold the Subject Property to Deutsche for $450,540. The Trustee's Deed Upon Sale instrument was recorded on April 13, 2009.

 On April 14, 2009, Plaintiffs mailed a self-proclaimed Qualified Written Request ("QWR"), pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq., to Defendant CMC. The QWR purported to rescind the loan under TILA and demanded a cancellation of the trustee sale.

 Plaintiffs filed their original complaint with this Court on April 10, 2009 and their FAC on June 2, 2009. By way of the FAC, Plaintiffs allege thirteen causes of action, twelve of which are directed at CMC.

///
///

5

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 555-556 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Plaintiffs' FAC is anything but a model of clarity. From what this Court can glean from a holistic reading of Plaintiffs' FAC, it appears that Plaintiffs' claims against CMC rest on two general factual theories, pled in the alternative. First, Plaintiffs appear to allege that all of the financial companies in its FAC, including CMC, were active participants in what should be deemed an unlawful secondary market that involved the sale and purchase of mortgage-backed debt. Under this theory, CMC would be liable for any fraudulent promises made to borrowers because it profited from real-estate loans like the ARM loan that Plaintiffs entered into in 2005. Moreover, CMC would be liable for foreclosing Plaintiffs' loan and selling its property pursuant to what it knew to be an unlawful deed of trust.
///
///

Second, Plaintiffs appear to assert, in the alternative, that CMC is a third-party stranger to their mortgage agreement that illicitly foreclosed against and sold a property to which it had no legal right. Plaintiffs seem to base this theory predominately on the fact that the current loan servicer and trustee have not produced the original promissory note. Except where Plaintiffs' FAC indicates otherwise, this Court will assume that Plaintiffs rely on one of the two foregoing theories in assessing the viability of each of Plaintiffs' causes of action.

Moreover, as a preliminary observation, this Court notes that Plaintiffs have pled neither of these factual theories with sufficient specificity to survive a Rule 12(b)(6) motion to dismiss. Plaintiffs have not made any factual allegations that would give rise to a reasonable inference that CMC either participated in a conspiracy to defraud mortgagors or unlawfully assumed any of its duties. Accordingly, Plaintiffs have not met their "obligation to provide the 'grounds' of [their] 'entitlement to relief'" by pleading "more than labels and conclusions." Twombly, 550 U.S. at 555. Furthermore, these speculative and conclusory allegations are not entitled to the presumption of veracity. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). Nevertheless, because Plaintiffs' claims against CMC are legally deficient on additional grounds, this Court will now address each cause of action in turn.

///

8

1. **First Cause of Action: Truth in Lending Act, 15 U.S.C. § 1601 et seq.**

TILA requires creditors to disclose to borrowers certain terms of their loans, including, *inter alia*, any finance charges, amount financed, annual percentage rate and consumer's right to rescission under section 1635(a). See 15 U.S.C. §§ 1631, 1632, 1635, 1638. Plaintiffs aver that, as an assignee of the original lender, Downey Savings, see 15 U.S.C. § 1641(c)-(d), CMC is liable for Downey's alleged failure to disclose the statutorily required information. However, Plaintiffs' instant claim is barred by the applicable statute of limitations.

Plaintiffs seek both damages and rescission of their loan agreement under TILA. Damages actions under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute begins to run "from the date of consummation of the transaction," but is subject to the doctrine of equitable tolling and fraudulent concealment. King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). A court may exercise its equitable authority to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id.

A borrower's right to rescission under TILA lasts for three years from the consummation of the transaction, 15 U.S.C. § 1635(f), but may not be extended under a theory of equitable tolling or fraudulent concealment.

///
///
///

See Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998) (interpreting the language that after three years the "right of rescission [under the Act] shall expire" as speaking "not of a suit's commencement but of a right's duration" and therefore creating an absolute time bar).

Plaintiffs executed the instant loan on December 9, 2005, and did not file this action until April of 2009. Accordingly, both Plaintiffs' damages and rescission claims are time-barred. Moreover, Plaintiffs have not pled sufficient facts to support an equitable tolling or fraudulent concealment claim. Accordingly, CMC's Motion to Dismiss Plaintiffs' First Cause of Action is granted with leave to amend.

**2. Second Cause of Action: California Civil Code § 1788 et seq. (Rosenthal Act)**

The California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") prohibits a host of unfair and oppressive methods of collecting debt. Plaintiffs allege here that

> Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

FAC, ¶ 57.

///
///
///

10

These allegations are wholly conclusory and therefore insufficient to satisfy the Federal Rule's pleading requirement. Because Plaintiffs have failed to allege any grounds for their entitlement to relief as to CMC.  Accordingly, Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action is granted with leave to amend.

### 3. Third Cause of Action: Negligence

It appears from Plaintiffs' FAC that the only negligence allegations asserted against CMC are that "Defendants failed to maintain the original mortgage note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiffs."  FAC, 13:24-26.  Plaintiffs cite no facts or authority to substantiate the existence of any legal duty that CMC would have breached if it is in fact responsible for these alleged failures.  CMC was not the original lender and had no relationship with Plaintiffs until approximately one year after Plaintiffs executed their loan documents.  Accordingly, Plaintiffs have failed to allege grounds capable of sustaining a conclusion that CMC owed them any duty.  Thus, Defendant's Motion to Dismiss Plaintiffs' Third Cause of Action is granted with leave to amend.

///
///
///
///
///

11

1
2
      **4.    Fourth Cause of Action: Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.**

3 Plaintiffs claim CMC violated RESPA "by failing and refusing to provide a written explanation or response to Plaintiffs' Qualified Written Request." FAC, ¶ 71. A RESPA Qualified Written Request ("QWR") "shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Plaintiffs allegedly sent its QWR on April 14, 2009, and "included a demand to cancel the pending Trustee Sale and to rescind the loan under the provisions of TILA." FAC, ¶ 29. Nevertheless, Plaintiffs' conclusory, allegations give neither opposing party nor the Court any information from which to conclude whether any communication sent by Plaintiffs may have qualified as such a QWR under 12 U.S.C. § 2605(e)(1). See Jones v. ABN AMRO Mortg. Group, Inc., 551 F. Supp. 2d 400, 411 (E.D. Pa. 2008). As such, Defendant's Motion to Dismiss Plaintiffs' Fourth Cause of Action is granted with leave to amend.

///
///
///
///
///

12

### 5. **Fifth Cause of Action: Breach of Fiduciary Duty**

Plaintiffs have alleged no basis for a finding that CMC owed them a fiduciary duty. To the contrary, even if CMC had been the original lender or subsumed the duties of that lender, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature. A commercial lender is entitled to pursue its own economic interests in a loan transaction. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093 n.1 (3d Dist. 1991). Thus, Plaintiffs have failed to state a claim, and Defendant's Motion to Dismiss their Fifth Cause of Action is granted with leave to amend.

### 6. **Sixth Cause of Action: Fraud**

In California, the required elements for a fraud claim are: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008)(citation omitted). As previously noted, "[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).
///

13

1    To attempt to explain how they have satisfied Rule 9(b)'s
2 pleading standard, Plaintiffs proffer the following argument.
3 They contend that they "have alleged that in 'selling' these
4 mortgage notes on the secondary market, Defendants, including
5 Defendant CMC, failed to follow the basic legal requirements for
6 the transfer of a negotiable instrument and the transfer of an
7 interest in real property." Pls.' Opp., 20:17-21. By virtue of
8 these purportedly illegal sales, Plaintiffs contend, "Defendant
9 CMC is attempting to obtained [*sic*] putative legal title to
10 Plaintiffs' Property without ever establishing that it was ever a
11 'person entitled to enforce' the security interest under the Note
12 and Deed of Trust." Id. at 20:26-21:2 (citing FAC, ¶¶ 30-32).
13    These allegations are insufficient to state a claim for
14 fraud for at least two reasons. First, it is utterly
15 incomprehensible how allegedly unlawful transfers of mortgage-
16 backed debt could constitute a "misrepresentation," which is the
17 essence of a claim for fraud. Second, Plaintiffs' grossly
18 conclusory allegations fall well short of the applicable pleading
19 standard. Plaintiffs' naked assertions in its opposition, even
20 if properly alleged in the FAC, would run afoul of the
21 prohibition under Rule 8(a)(2) against pleading mere "labels and
22 conclusions." Twombly, 550 U.S. at 555. *A fortiori*, the above
23 sweeping, unsubstantiated allegations fail to satisfy Rule 9(b)'s
24 heightened "particularity" standard, and CMC's Motion to Dismiss
25 Plaintiffs' Sixth Cause of Action is granted with leave to amend.
26 ///
27 ///
28 ///

14

### 7. Seventh Cause of Action: California Business and Professions Code § 17200 <u>et seq.</u>

California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200, defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs allege two separate liability theories against Trustee Corps, both of which are unavailing.

First, Plaintiffs point to the broad scope of the UCL: "California's UCL ... allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" <u>Hauk v. JP Morgan Chase Bank USA</u>, 552 F. 3d 1114, 1122 (9th Cir. 2009) (quoting <u>Kasky v. Nike, Inc.</u>, 27 Cal. 4th 939, 949 (2002)).  On the basis of this authority, Plaintiffs assert that they have stated a claim under the UCL "[b]ecause Plaintiffs' FAC currently alleges viable claims for breach of contract and breach of the implied covenant of good faith and fair dealing as well as violations of RESPA, TILA and Fraud." Pls.' Opp. at 22:2-5.  Because those claims on which Plaintiffs rely here fail independently, Plaintiffs' instant cause of action fails as well.  Consequently, for the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Seventh Cause of Action is granted with leave to amend.

///
///
///
///

15

**8.    Eighth Cause of Action: Breach of Contract**

Plaintiffs have not adequately alleged that CMC was bound by any contract with Plaintiffs. Plaintiffs contend only as follows: "On or about December 9, 2005, Plaintiffs completed the loan on the property. The terms of the loan were memorialized in a promissory note which in turn was secured by a Deed of Trust on the property. The Deed of Trust identified DSL Service Company, as trustee and Central Mortgage Company as Lender." FAC, ¶ 27. Accordingly, Plaintiffs appear to aver that CMC was their original lender. Nevertheless, their allegations are flatly refuted by the Deed of Trust itself, which lists the original lender as Downey Savings and Loan Association, F.A. The Deed of Trust was not transferred to CMC until well after Plaintiffs' original loan had closed. Thus, Plaintiffs have failed to allege the existence of any contract.

Moreover, assuming *arguendo*, the existence of a contract, Plaintiffs failed to sufficiently allege a breach. According to Plaintiffs, "Defendants failed to refinance the mortgage as promised." FAC, ¶ 100. However, that promise, as pled, simply does not rise to the level of a contract. See Bustamante v. Intuit, Inc., 141 Cal. App. 4th 199, 209 (6th Dist. 2006); see also Dillingham v. Dahlgren, 52 Cal. App. 322, 330 (1st Dist. 1921) ("An agreement that parties will, in the future, make such contract as they may then agree upon amounts to nothing."). As such, Defendant's Motion to Dismiss Plaintiffs' Eighth Cause of Action is granted with leave to amend.

///

**9.   Ninth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990). Because Plaintiffs have not properly alleged a contractual relationship with Trustee Corps, Defendant's Motion to Dismiss Plaintiffs' Ninth Cause of Action is dismissed.

**10.   Eleventh, Twelfth, and Thirteenth Causes of Action: Quiet Title; Set Aside Trustee's Sale; Cancellation of Trustee's Deed**

Plaintiffs' instant claims are defective because, by their own admission, they have not alleged that they are able to tender their owing obligation under the note. See Pls.' Opp. 18:1-7. It is well-settled that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (2d Dist. 1971); See also Ebbert v. Mercantile Trust Co. of Cal., 213 Cal. 496, 501 (1931); Mangindin v. Washington Mut. Bank, --- F. Supp. 2d ----, 2009 WL 1766601, *9-10 (N.D. Cal.). Accordingly, since Plaintiffs failed to allege any willingness or ability (in any form whatsoever) to tender funds due, CMC's Motion to Dismiss Plaintiffs' Eleventh, Twelfth, and Thirteenth Causes of Action is granted with leave to amend.

17

**CONCLUSION**

For the foregoing reasons, CMC's Motion to Dismiss (Docket No. 18) is GRANTED with leave to amend. Plaintiffs may (but is not required to) file an amended complaint, not later than twenty (20) days following the date this Memorandum and Order is filed electronically. Nevertheless, if no amended complaint is filed within said twenty (20)-day period, without further notice, those causes of action dismissed by virtue of this Order will be deemed to have been dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 8, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE