UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED RAZAWI and DANIELA RAZAWI, | No. 2:09-cv-00985-MCE-JFM |
| Plaintiffs, | |
| v. | <u>MEMORANDUM AND ORDER</u> |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; CENTRAL MORTGAGE COMPANY; MTC FINANCIAL, INC. DBA TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COMMUNITY ONE FINANCIAL & REAL ESTATE; JAMAL AKBAR; CHRIS COLON; ALEX BURHAN and DOES 1-20 INCLUSIVE, | |
| Defendants. | |

----oo0oo----

///

///

///

///

1

Presently before the Court is a Motion by MTC Financial, Inc. doing business as Trustee Corps ("Defendant") to Dismiss the Second Amended Complaint of Plaintiffs Ahmed and Daniela Razawi ("Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendant's Motion to Dismiss is granted.

## BACKGROUND[2]

On December 9, 2005, Plaintiffs secured a $520,00 mortgage loan from Downey Savings and Loan ("Downey"). At the time of the execution of the loan, DSL Service Company was named as Trustee. On November 15, 2006, Downey assigned the Deed and Promissory Note to Mortgage Electronic Registration Systems, who in April 30, 2008 assigned the Deed to Central Mortgaging Company. On October 1, 2008 Central Mortgaging Company substituted Defendant as trustee under the Deed.

As of October 2, 2008, Plaintiffs were in default in the amount of $27,835.56. On January 29, 2009, Defendant executed a Notice of Trustee's Sale, and on March 18, 2009 Defendant foreclosed and sold the property.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

Plaintiffs now allege a litany of state and federal law violations in connection with the foreclosure. Defendant previously sought to dismiss the claims alleged against it by filing a Motion to Dismiss Plaintiffs' First Amended Complaint. On September 9, 2009, this Court granted Defendant's Motion to Dismiss as to all claims with leave to amend.

Plaintiff thereafter filed a Second Amended Complaint.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level.
///

1  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and
2  Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must
3  contain something more...than...a statement of facts that merely
4  creates a suspicion [of] a legally cognizable right of action")).
5       "Rule 8(a)(2)...requires a 'showing,' rather than a blanket
6  assertion of entitlement to relief.  Without some factual
7  allegation in the complaint, it is hard to see how a claimant
8  could satisfy the requirements of providing not only 'fair
9  notice' of the nature of the claim, but also 'grounds' on which
10 the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must
11 contain "only enough facts to state a claim to relief that is
12 plausible on its face."  Id. at 570.  If the "plaintiffs...have
13 not nudged their claims across the line from conceivable to
14 plausible, their complaint must be dismissed."  Id.
15 Nevertheless, "[a] well-pleaded complaint may proceed even if it
16 strikes a savvy judge that actual proof of those facts is
17 improbable, and 'that a recovery is very remote and unlikely.'"
18 Id. at 556.
19      When a claim for fraud is raised, Federal Rule of Civil
20 Procedure 9(b) provides that "a party must state with
21 particularity the circumstances constituting fraud."  "A pleading
22 is sufficient under Rule 9(b) if it identifies the circumstances
23 constituting fraud so that the defendant can prepare an adequate
24 answer from the allegations."  Neubronner v. Milken, 6 F.3d 666,
25 671-672 (9th Cir. 1993) (internal quotations and citations
26 omitted).  "The complaint must specify such facts as the times,
27 dates, places, benefits received, and other details of the
28 alleged fraudulent activity."  Id. at 672.

4

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

As this Court noted in its order granting Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Plaintiffs' claims against Defendant as trustee are based on two legal theories. First, Plaintiffs allege that Defendant, along with the other named defendants in this case, were all conspirators in what should be deemed an unlawful secondary market that sells and purchases mortgage-backed debt. As such, Plaintiffs allege that Defendant should be liable because it benefitted from the mortgage loans bought, traded, and foreclosed upon in this scheme. Moreover, Plaintiffs argue Defendant should be liable for foreclosing on Plaintiffs' property pursuant to what it allegedly knew to be an unlawful deed of trust.

///
///
///

5

Second, Plaintiffs argue in the alternative that Defendant is a "third-party stranger" to their mortgage loan because it does not hold the promissory note and that it became trustee in a unlawful series of transfers.  As a result, Plaintiffs argue that Defendant has no legal rights regarding the property, and that they breached the law imposed on trustees by assuming the role of trustee after being improperly substituted.

In its prior Order, after a review of Plaintiffs' legal theories, this Court summarily dismissed Plaintiffs' arguments and granted Defendant's Motion to Dismiss.  The Court rejected Plaintiffs' attempt to hold Defendant liable for the behavior of the mortgage industry as whole, held that the Defendant did in fact have legal rights to foreclose on the property, and rejected the notion that Defendant owed any duty, in contract or tort, to Plaintiff.

The Second Amended Complaint that is currently before this Court fails to correct any of the shortcomings this Court previously admonished.  It reasserts its attack on the mortgage industry and again asserts that the Defendant should be liable for its role in this scheme or for the fact that it does not hold the promissory note.  Rather than present additional facts, it challenges the rational of the Court's prior ruling and attempts to persuade the court to reinterpret the law in their favor.

However the Court is not so persuaded, nor will it waste time repeating the law and analysis underlying its prior ruling.

Plaintiffs' arguments still fall short of legal remedy, and their Second Amended Complaint still falls short of the pleading requirements.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Complaint (Docket No. 37) is GRANTED. As this is Plaintiffs' Second Amended Complaint, leave to amend will not be accorded as it is apparent that amendment would not remedy the errors of Plaintiffs' claims.

IT IS SO ORDERED.

Dated: January 12, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE